IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JACOB MEEKS     PLAINTIFF

v.     No. 3:10CV115-M-A

SHERIFF KENNEY DICKERSON, ET AL.     DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jacob Meeks, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants seek summary judgment, and Meeks has responded. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted in part and denied in part.

### Claims

Jacob Meeks claims that the defendants illegally arrested him in August 2009, then detained him without a hearing.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*,

204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts[1]**

On February 23, 2009, Judge Fred Copeland from the 34th Judicial Circuit Court in New Madrid County, Missouri, signed an arrest warrant for Meeks. *See* Warrant, Exhibit A to defendants' Motion for Summary Judgment. Judge Copeland found that Meeks violated a term of probation previously imposed after having been found guilty of passing bad checks. Meeks left Missouri and traveled to Mississippi where, on August 7, 2009, he was stopped by the City of Holly Springs Police Department for operating a motor vehicle with an expired tag. *See* traffic ticket, Exhibit B to the defendants' Motion for Summary Judgment. After running his license, the police officer learned of the outstanding warrant for Meeks in Missouri. *See* August 7, 2009, Mississippi Criminal History System printout, Exhibit B to the defendants' Motion for Summary Judgment. Meeks was arrested and taken to the Marshall County Sheriff's Department where he was held on the Missouri warrant. On August 10, 2009, Meeks was presented to Marshall County Justice Court Judge Earnest Cunningham for a preliminary hearing regarding the outstanding Missouri warrant and for extradition to Missouri. Meeks signed a waiver of extradition and voluntarily consented to extradition. *See* Waiver, Exhibit C to the defendants' Motion for Summary Judgment. After his extradition, Meeks was indicted by the Marshall County Grand Jury for grand larceny of a 1988 GMC truck on October 15, 2009. *See* Indictment, Exhibit D to the defendants' Motion for Summary Judgment.

**Claims of False Arrest and False Imprisonment:**
**Meeks Was Arrested Pursuant to a Facially Valid Warrant**

To prevail on his claim for false arrest or false imprisonment, Meeks must prove that: (1) he was detained, and (2) the detention was unlawful. *Powell v. Moore*, 174 So.2d 352 (Miss.

---

[1] The facts below are taken nearly verbatim from the defendants' motion for summary judgment, are documented in the record, and are not in legitimate dispute.

1965). Meeks claims that his arrest in Marshall County was unlawful because the defendants arrested him without probable cause. Meeks believes that his arrest arose out of animus of unnamed law enforcement officers. This claim is frivolous because, by any rational measure, the defendants arrested Meeks under authority of a facially valid Missouri warrant, which conclusively establishes probable cause for his arrest. *Rykers v. Alford*, 832 F.2d 895, 898 (5th Cir.1987); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir.), cert. denied, 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982). In addition, the defendants had the authority to place Meeks under arrest based upon driving a vehicle with an expired license plate. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (law enforcement officers may place a suspect under arrest based solely on a minor violation). As for Meeks' claim that malice was the driving force behind his arrest, probable cause is an *objective* standard and any purported subjective intent of an officer is irrelevant. *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). The probable cause requirement does not "demand any showing that such a belief is correct or more likely true than false." *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979). Both the facially valid warrant and the expired license plate violation gave the arresting officers the probable cause – and thus legal justification – required to arrest Meeks. This claim is without merit and will be dismissed.

### Prolonged Detention Prior to a Hearing After Arrest

Neither the defendants nor the plaintiff adequately addressed Meeks' claim that he was held after his arrest without a hearing. Though Meeks clearly had a hearing within 72 hours of

his arrest, the bright-line standard is that a hearing within 48 hours after arrest is presumptively constitutional. However, as it appears that Meeks was detained a bit beyond 48 hours after his arrest, the court requires more briefing before reaching a decision on this issue. *As such, the defendants must provide a brief to the court on this issue within 21 days from the date of this order, and the plaintiff must submit his brief within 14 days from the defendants' brief.*

## Conclusion

The defendants' motion for summary judgment will be granted in part and denied in part. Judgment will be entered for the defendants on the plaintiff's claim regarding want of probable cause to arrest him. However, the parties will submit briefs to the court on the issue of the length of the plaintiff's post-arrest detention according to the schedule set forth above. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of August, 2012.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**