**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JACOB MEEKS** **PLAINTIFF**

**v.** **No. 3:10CV115-M-A**

**SHERIFF KENNY DICKERSON, ET AL.** **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jacob Meeks, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

Jacob Meeks filed the instant suit, alleging that the defendants illegally arrested him in August 2009, then detained him without a hearing. The defendants sought summary judgment, Meeks responded, and the court granted the motion as to Meeks' claims of false arrest and false imprisonment. The court then ordered the parties to provide supplemental briefs to determine the length of time Jacob Meeks was held in the Marshall County Jail after his August 7, 2009, arrest. Documents from the Marshall County Municipal Court show that Meeks was arrested on Friday August 7, 2009, after his car was pulled over for having an expired tag. The City of Holly Springs traffic ticket issued to Meeks shows that the traffic stop occurred at 10:21 p.m. As part of the traffic stop, the arresting officer ran a check and discovered that a warrant had issued for Meeks on February 23, 2009, in New Madrid County, Missouri. The officer then arrested

Meeks – not for the expired tag violation – but in order to comply with the Missouri warrant. On Monday August 10, 2009, approximately three days after his arrest, Meeks signed a waiver of extradition. On August 10, 2009, at 9:15 p.m., Meeks was released to the New Madrid County, Sheriff's Department, where he was transported back to Missouri on the outstanding warrant. Meeks was held for approximately 71 hours from the time of the traffic stop (which occurred late Friday night) until his transfer to the Missouri law enforcement officers on Monday. Available court records do not reflect the precise time Meeks signed the waiver of extradition. They show only that the waiver was signed on August 10, 2009, at some time before 9:15 p.m.

Meeks was scheduled for an initial appearance before Holly Springs Municipal Court Judge Eugene Brown on August 27, 2009, for the misdemeanor citation for an expired tag. That violation was dismissed on the date of the initial appearance, and Meeks was not required to appear.

## Arrest Pursuant to a Facially Valid Warrant is Constitutional

Meeks appears to argue that he was detained too long (more than 48 hours) – after a warrantless arrest for an expired license plate – without a determination that probable cause existed for his arrest. This claim governed by *Gerstein v. Pugh,* 420 U.S. 103; 95 S. Ct. 854; 43 L. Ed. 2d 54 (1975), and *County of Riverside v. McLaughlin,* 500 U.S. 44, 56, 114 L. Ed. 2d 49, 111 S. Ct. 1661 (1991). These cases are not, however, relevant to the facts of the present case because Meeks was arrested pursuant to a facially valid warrant out of Missouri – not for the expired tag citation in Mississippi. As such, this case is governed, instead, by *Baker v. McCollan*, 443 U.S. 137 (1979), which holds that an arrest pursuant to a facially valid warrant does not rise to the level of a constitutional claim under 42 U.S.C. § 1983. Meeks was arrested

pursuant to the valid Missouri warrant, waived extradition, and was picked up for transport to Missouri within 71 hours of his detention under the Constitution, Art. IV, § 2, Cl. 2, and federal statute, 18 U.S.C. § 3182. Section 3182 provides that whenever the executive authority of any state makes a demand on another state for extradition of any fugitive from justice and produces a copy of an indictment or affidavit, the asylum state "shall" arrest and detain the fugitive and deliver him to the extradition state. The asylum state (Mississippi in this case) *must* arrest and detain the fugitive – and has no discretion in the matter. *Puerto Rico v. Branstad*, 483 U.S. 219, 226, 107 S.Ct. 2802, 2807, 97 L.Ed.2d 187 (1987). Meeks was arrested under the authority of a facially valid warrant, and the State of Mississippi acted under its constitutionally mandatory duty to arrest and detain him for the State of Missouri. In addition, as Meeks waived extradition, he may not recover for any violations of his rights during the extradition process. *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir. 1980); *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978). When he signed the waiver of extradition, he also waived any § 1983 claims he may have had; at that juncture, the extradition was based upon the waiver, not the extradition process itself. Therefore, Meeks' claim of unconstitutional arrest and detention will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED,** this the 26th day of October, 2012.

    **/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**